## Case No. 1,216.

### The BEDFORD.

[5 Blatchf. 200.] [1]

Circuit Court, S. D. New York. Dec. Term, 1863.

COLLISION—FERRY BOAT AND VESSEL AT ANCHOR—RULES OF ANCHORAGE IN EAST RIVER.

1. Where a ferry boat, running, in a dense fog, on a ferry across the East river, at New York, collided with a schooner at anchor in the river, and it appeared that the schooner was anchored within a distance of sixty yards from a direct line between the landing places of the ferry: *Held*, that the schooner was in fault.

2. The ordinance of the city of New York, (section 14, art. 2, c. 26, p. 291, Revision 1859,) providing that no vessel shall lie at anchor in the East river within a distance of sixty yards from a direct line between the landing places of either of the public ferries across the river, is binding upon all persons engaged in the navigation of the river.

[Cited in The Baltic, Case No. 822.]

3. In this case, the schooner also was in fault, in that her mate had been warned, by the pilot of the ferry boat, before the collision, to move the schooner from her anchorage, and had refused to do so.

4. But the ferry boat also was in fault, in that her pilot knew the position of the schooner, and that the mate of the schooner had refused to change her location, and in not using greater caution.

[Cited in The Ophelia, 44 Fed. 941.]

5. The district court decreed to the owners of the schooner their damages. This court divided such damages, and allowed no costs to either party in the district court, and gave to the appellants their costs in this court.

[Cited in Brush v. The Plainfield, Case No. 2,058; The Mary Patten, Id. 9,223; Vanderbilt v. Reynolds, Id. 16,839.]

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel in rem, filed in the district court, to recover damages for a collision which occurred between the schooner Mary D. Lane and the steam ferry boat Bedford, in the East river, on the morning of the 17th of December, 1853. The district court pronounced for the libellants, [Lane v. The Bedford, Case No. 8,046,] and the claimants appealed to this court.

Erastus C. Benedict, for libellants.

Benjamin D. Silliman, for claimants.

NELSON, Circuit Justice. The schooner lay at anchor about the middle of the river, near the track of the ferry boats of the Wall street ferry, which ran between the foot of Wall street on the New York side and the foot of Montague street on the Brooklyn side. The collision took place about eight o'clock in the morning. There was a dense fog, the tide was flood, and the wind was southeast. The schooner was struck on her port side, near mid-ships, while the ferry boat was on her passage from Brooklyn to New York. The damage was not very serious. The schooner had cast anchor at about twelve o'clock the day preceding, at the place of collision, and was in charge of the mate, the captain and pilot being absent. The mate had been warned by the pilot of the Bedford, that morning, that his vessel was in the track of the ferry boats, and that, as a dense fog was coming on, he ought to trip his anchor and pass up, on the tide, out of the way. The mate refused, insisting that he had as good right to lie there as the ferry boats had to run. On the next trip of the ferry boat, the collision took place.

The proofs are very full and clear, that the schooner was in or near the track of the ferry boats. Indeed, the mate himself states, that, while lying at anchor from the preceding day, the ferry boats passed him on his bow at ebb tide, and on his stern at flood tide, the tide tailing his vessel up or down the river as it was ebb or flood. One of the city ordinances (section 14, art. 2, c. 26, p. 291, Revision 1859) provides, that no ship or vessel shall lie at anchor in the East river, within a distance of sixty yards from a direct line between the landing places of either of the public ferries across the river, and imposes a fine for the offence. This ordinance is made in pursuance of a power conferred upon the city by the legislature of the state. It is a very proper local regulation, and is binding upon all persons engaged in the navigation of the river. The place of the anchoring of vessels in the harbor of New York is under the authority of the city, and its exercise is indispensable, with a view to the convenience and good order of vessels resorting thither. It was a fault on the part of the schooner, to cast anchor within the forbidden limit, and a still greater one not to remove when the attention of the mate was called to the fact and he was warned of the danger.

I think that the ferry boat, also, was in fault, in not avoiding the schooner, as the pilot knew her position, and that the mate had refused to change his location. I cannot but think that, if greater precaution had been used, the collision need not have occurred, notwithstanding the density of the fog.

As both vessels were in fault, the damages sustained by the libellants, which were decreed by the court below at $1,000, must be divided. No costs are allowed either party in the court below. The appellants are allowed their costs in this court.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]